1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE RODRIGUEZ PUERTO,**<br><br>Petitioner,<br><br>**v.**<br><br>**BOARD OF PRISON TERM,**<br><br>Respondent. | 1:13-cv-01097 MJS HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.     **DISCUSSION**

A.     **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1

1  conclusory, or palpably incredible are subject to summary dismissal. Hendricks v.

2  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be

3  dismissed without leave to amend unless it appears that no tenable claim for relief can

4  be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

5         **B.**   **Factual Summary**

6        On July 18, 2013, Petitioner filed the instant petition for writ of habeas corpus.

7  (Pet., ECF No. 1.) Petitioner challenges the decision of the Board of Parole Hearings

8  ("Board") finding him unsuitable for parole. Petitioner claims the Board and the California

9  courts unreasonably determined that there was some evidence he posed a current risk

10  of danger to the public if released.

11         **C.**   **Federal Review of State Parole Decisions**

12        Because the petition was filed after April 24, 1996, the effective date of the

13  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in

14  this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481

15  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

16        A district court may entertain a petition for a writ of habeas corpus by a person in

17  custody pursuant to the judgment of a state court only on the ground that the custody is

18  in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§

19  2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L.

20  Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

21        The Supreme Court has characterized as reasonable the decision of the Court of

22  Appeals for the Ninth Circuit that California law creates a liberty interest in parole

23  protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair

24  procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-

25  62, 178 L. Ed. 2d 732 (2011).

26        However, the procedures required for a parole determination are the minimal

27  requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex,

28  442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In

1    <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest

2    because there was an absence of "some evidence" to support the decision to deny

3    parole. The Court stated:

4        There is no right under the Federal Constitution to be conditionally
         released before the expiration of a valid sentence, and the States are
5        under no duty to offer parole to their prisoners. (Citation omitted.) When,
         however, a State creates a liberty interest, the Due Process Clause
6        requires fair procedures for its vindication-and federal courts will review
         the application of those constitutionally required procedures. In the context
7        of parole, we have held that the procedures required are minimal. In
         <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to
8        California's received adequate process when he was allowed an
         opportunity to be heard and was provided a statement of the reasons why
9        parole was denied. (Citation omitted.)

10   <u>Swarthout</u>, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

11   process that was due as follows:

12       They were allowed to speak at their parole hearings and to contest the
         evidence against them, were afforded access to their records in advance,
13       and were notified as to the reasons why parole was denied....

14       That should have been the beginning and the end of the federal habeas
         courts' inquiry into whether [the petitioners] received due process.
15

16   <u>Swarthout</u>, 131 S.Ct. at 862. The Court in <u>Swarthout</u> expressly noted that California's

17   "some evidence" rule is not a substantive federal requirement, and correct application of

18   California's "some evidence" standard is not required by the Federal Due Process

19   Clause. <u>Id.</u> at 862-63. This is true regardless whether Petitioner is challenging a decision

20   by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131

21   S. Ct. at 860-61; <u>Styre v. Adams</u>, 645 F.3d 1106, 1108 (9th Cir.  2011) ("[w]e now hold

22   that the Due Process Clause does not require that the Governor hold a second suitability

23   hearing before reversing a parole decision.").

24       Here, Petitioner argues that the Board improperly relied on evidence relating to

25   Petitioner's past criminal history. (Pet. at 18-19.) In so arguing, Petitioner asks this Court

26   to engage in the very type of analysis foreclosed by <u>Swarthout</u>. In this regard, Petitioner

27   does not state facts that point to a real possibility of constitutional error or that otherwise

28   would entitle Petitioner to habeas relief because California's "some evidence"

1  requirement is not a substantive federal requirement. Review of the record for "some
2  evidence" to support the denial of parole is not within the scope of this Court's habeas
3  review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning
4  the evidence supporting the unsuitability finding should be dismissed.

5         Although Petitioner asserts that his right to due process of law was violated by the
6  Board's decision, Petitioner does not set forth any specific facts concerning his
7  attendance at the parole hearing, his opportunity to be heard, or his receipt of a
8  statement of reasons for the parole decision. Petitioner has not alleged facts pointing to
9  a real possibility of a violation of the minimal requirements of due process set forth in
10  Greenholtz, 442 U.S. 1.

11        A petition for habeas corpus should not be dismissed without leave to amend
12  unless it appears that no tenable claim for relief can be pleaded were such leave
13  granted. Jarvis, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant
14  Petitioner leave to amend his first claim, and recommends the petition to be dismissed.

15  **II.    CONCLUSION**

16        Although Petitioner asserts that his right to due process of law was violated by the
17  Board's decision, Petitioner does not set forth any specific facts concerning his
18  attendance at the parole hearing, his opportunity to be heard, or his receipt of a
19  statement of reasons for the parole decision. Petitioner has not alleged facts pointing to
20  a real possibility of a violation of the minimal requirements of due process set forth in
21  Greenholtz, 442 U.S. 1. Petitioner's argument that the decision to deny Petitioner parole
22  violated California's "some evidence" rule is not subject to federal review. See
23  Swarthout, 131 S.Ct. at 862-63. The Court concludes that it would be futile to grant
24  Petitioner leave to amend and that the Petition be dismissed.

25  **III.   RECOMMENDATION**

26        Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave
27  to amend for failure to state a cognizable claim for relief. Further, the Court ORDERS the
28  Clerk of Court to assign a District Court Judge to the present matter.

1    These findings and recommendations are submitted to the United States District

2 Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

3 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

4 Eastern District of California. Within thirty (30) days after being served with a copy, any

5 party may file written objections with the Court and serve a copy on all parties. Such a

6 document should be captioned "Objections to Magistrate Judge's Findings and

7 Recommendations." Replies to the objections shall be served and filed within fourteen

8 (14) days (plus three (3) days if served by mail) after service of the objections. The Court

9 will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

10 parties are advised that failure to file objections within the specified time may waive the

11 right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 23, 2013          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

5